UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDA FLORES,

                      Plaintiff,

–against–

GREENWICH BBQ LLC, d/b/a MIGHTY QUINN'S BARBEQUE, *et al.*,

                      Defendants.

**ORDER**

20 Civ. 9514 (ER)

RAMOS, D.J.:

        Brenda Flores brought this action on November 12, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), and various provisions of New York Labor Law ("NYLL").[1] *See* Compl., Doc. 1. Flores alleges that Defendants failed to pay her the lawful minimum wage; that managerial employees kept a portion of the tips she earned from customers, and that Defendants failed to provide proper wage notice and wage statements. She also alleges that Defendants retaliated against her for making complaints about their allegedly unlawful policies. Before the Court is the parties' proposed settlement agreement dated May 7, 2021. *See* Doc. 29-1. For the reasons discussed below, the proposed settlement agreement is DENIED without prejudice.

**I.     LEGAL STANDARD**

        In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that

---

[1] 29 U.S.C. §§ 201 *et seq.*, NYLL §§ 650 *et seq.*, and §§ 190 *et seq.*

their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.     DISCUSSION

### A.     Range of Recovery

The proposed settlement includes an estimated range of recovery of $0–$50,317.57. In support, Plaintiff has attached damages calculations showing her estimated hours worked and underpayment per week. *See* Doc. 29-2. These calculations are split up by different time periods, depending on her hourly pay rate for a given period. *Id.* The calculations also show estimated damages for alleged wage notice and wage statement violations, and for liquidated damages. *Id.* These calculations show an estimated $20,158.79 that might be owed to Flores based on unpaid back pay and tips, $10,000 in wage notice and wage statement damages, as well

as liquidated damages.  Based on these calculations, the proposed settlement amount of $15,000 is fair and reasonable, as the parties agree that there are litigation risks for Plaintiff, such as Defendants' position that the tip credit deducted from Plaintiff's wages was proper.  *See* Doc. 29 at 3.  Thus, the settlement amount constitutes a "reasonable compromise of disputed issues." *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (citation omitted).

### B.     Attorneys' Fees

Flores indicates that her attorneys would receive $4,866.66 in attorneys' fees and $400 in costs, which amounts to about one-third of the settlement amount.  Doc. 29 at 3.  This amount is reasonable as a percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).  Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.*  "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

The billing records submitted by counsel show an hourly rate of $400 per hour for Plaintiff's attorneys.  Doc. 29-2.  This is within the reasonable range of fees approved in this District. *See, e.g., Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (noting that a rate of $400 per hour for partners is reasonable); *see also Montes v. 11 Hanover Grp. LLC*, No. 17 Civ. 9376 (SDA), 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) (reducing a partner's hourly rate to $400).  Plaintiff's counsel

3

reasonably spent about 24 hours on this case, and the lodestar thus comes to $9,600. Doc. 29 at 4. This lodestar, compared to the requested $5,266.66 in fees and costs, results in a lodestar multiplier (net of fees) of approximately 0.55. This is reasonable, as "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court determines the $5,266.66 in requested fees and costs to be reasonable.

### C.    Other Provisions

While the settlement is otherwise fair and reasonable, the Court cannot approve the agreement's no re-hire provision, pursuant to which Flores would become "ineligible pursuant to this Agreement to hold any positions with Mighty Quinn's or any Mighty Quinn's entities now or in the future and shall not apply in the future for employment with Mighty Quinn's . . ." Doc. 29-1 at ¶ 16. Such no re-hire provisions are "highly restrictive" and "in strong tension with the remedial purposes of the FLSA." *Baikin v. Leader Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (citation omitted); *see also Cruz v. Relay Delivery, Inc.*, No. 17 Civ. 7475 (JLC), No. 18 Civ. 3052 (JLC), 2018 WL 4203720, at *1 (S.D.N.Y. Sept. 4, 2018) (declining to approve a no re-hire provision and citing cases).

The Court, however, also finds that the rest of the settlement agreement is fair and reasonable. It includes no objectionable confidentiality provisions, and the release appropriately discharges only claims relating to this case. *See Nights of Cabiria*, 96 F. Supp. 3d at 177–81.

### III.    CONCLUSION

The request for settlement approval is therefore DENIED without prejudice. The parties are therefore instructed to do one of the following by **May 28, 2021**:

- Indicate their consent to the Court's striking of the no re-hire provision;

- Submit an alternative settlement agreement for the Court's approval; or

- Otherwise provide the Court with a status update.

It is SO ORDERED.

Dated:  May 21, 2021
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.